IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JEROME RISER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-2 |
| | § | |
| HENRY M. PAULSON, | § | |
| Secretary of the United States | § | |
| Department of Treasury, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Before the Court are defendant Pulte Homes's Motions to Dismiss (Dkt. No. 52, 56) and defendant Federal Protective Service's Motion to Dismiss (Dkt. No. 57). Plaintiff has not responded to either motion. Having considered the motions and the relevant law, the Court finds that the defendants' motions should be GRANTED.

**Background**

Plaintiff filed a complaint in state court that was later removed to this court. The entirety of the "Facts" section of Plaintiff's complaint reads: "The PLAINTIFF has suffered defamation of character, illegal wire tapping, invasion of privacy, black balling [sic], character assassination, integrity defamation, invasion of privacy of children's residence, threat to life from organized traffic, professional defamation, and social defamation." Dkt. No. 1 at 9.

Plaintiff later filed a "Notice of Amended Complaint to Add Additional Facts." Dkt. No. 53. Pulte Homes is alleged to have organized traffic around Riser's home and called him derogatory names over a loudspeaker, all in conjunction with the United Parcel Service. *Id.* at 2. The only

1

reference to the Federal Protective Service in the additional facts is a claim that it placed Riser's home under surveillance.

**Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See, e.g.*, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957), "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plausibility, as contrasted with speculation, is the touchstone: plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974.

**Analysis**

Plaintiff's original complaint certainly fails to meet the Rule 12(b)(6) standard, as no facts whatsoever are alleged. Plaintiff's Notice of Amended Complaint attempts to add facts. However, at this stage of the proceedings, Plaintiff requires leave of the Court to amend his complaint. *See* FED. R. CIV. P. 15(a)(2). Because Plaintiff has not sought leave of the Court to amend, his Notice is STRICKEN. Pulte Homes's second motion to dismiss (Dkt. No. 56) was filed in response to Plaintiff's Notice of Amended Complaint. Because said Notice has been stricken, Pulte Homes's section motion to dismiss is DENIED as moot. Pulte Homes's first motion to dismiss and the Federal Protective Service's motion to dismiss, however, are GRANTED because of Plaintiff's failure to state any facts supporting a claim. Furthermore, as an alternative ground for dismissal, Plaintiff has not shown that he has properly served either Pulte Homes or the Federal Protective Service.

Even if the Court were to consider Plaintiff's additional facts, dismissal would still be warranted. Plaintiff's only factual allegation against Pulte Homes is that it "publicly announced his name over a P.A. system surrounding his residence calling him derogatory names . . . ." These names allegedly included "n****r" and "motherf****r." Plaintiff claims that this is defamation. The first element of defamation in Texas is that the defendant must have made a false statement about the plaintiff. *Saudi v. Brieven*, 176 S.W.3d 108, 117-18 (Tex. App. 2004). These epithets are not false statements, but name-calling. Thus, Plaintiff's additional facts do not state a claim for defamation.

As to the Federal Protective Service, which is a police agency, there is no claim that placing Plaintiff under surveillance was improper. Merely stating that the Federal Protective Service was

engaging in surveillance is insufficient to state a claim upon which relief can be granted.

It is so ORDERED.

Signed this 7th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE